UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>SCHLOMO SCHMUEL,<br><br>Defendant. | Case No. 19CR 3006-BAS<br><br>INFORMATION<br><br>Title 18, United States Code, Section 371 - Conspiracy; and Title 28, U.S.C., § 2461(c) - Criminal Forfeiture |

The United States charges:

## COUNT 1
## CONSPIRACY
## 18 U.S.C. § 371

From at least 2014 through 2015, within the Southern District of California and elsewhere, defendant SCHLOMO SCHMUEL knowingly and intentionally conspired with JULIAN GARCIA, BORIS DADIOMOV, STEVEN RIGLER, JOSE CANDELARIO, and others to commit the offenses of Honest Services Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 1346, and Health Care Fraud, in violation of 18 U.S.C. § 1347. In furtherance of the conspiracy and in order to effect the objects thereof, Defendant committed and caused the commission of the following overt acts within the Southern District of California and elsewhere:

On or about May 15, 2015, Defendant SCHLOMO SCHMUEL issued two checks, one from "Innovative Orthopedic Solution," and one from "Sunset Ambulatory Surgical Center, Inc.," for $12,350.00 each, to "Memphis

Media," a company associated with JULIAN GARCIA, as compensation for referring Workers' Compensation patients to defendant SCHMUEL for a "hot / cold pack."

On or about May 24, 2015, Defendant SCHMUEL through Diamond Orthopedic Services issued a bill to ESIS insurance company for $5,950 for Durable Medical Equipment provided to Mayra P.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATION

Upon conviction of the felony offense alleged in this Information set forth above and pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, defendant STEPHEN STEPANIUK shall forfeit to the United States any property, real or personal, which constitutes or was derived from proceeds traceable to such violation.

If any of the above-described forfeited property, as a result of any act or omission of SCHLOMO SCHMUEL cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), made applicable herein by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of SCHLOMO SCHMUEL up to the value of the property subject to forfeiture.

DATED: August 6, 2019

ROBERT S. BREWER, JR.
United States Attorney

VALERIE H. CHU
Assistant U.S. Attorney